**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VEGAS OF SAINT PETERSBURG, INC.,
      **a Florida Corporation,**
JONATHAN BELL,
      **an Individual,**
JENNIFER PINE,                      Case #:
      **An Individual,**
BRANDIE STORIE,
      **An Individual,**
JESSICA PUCKETTE,             **JURY TRIAL DEMANDED**
      **An Individual,**
             Plaintiffs,
vs.

PINELLAS COUNTY,
**a Political Subdivision of the State of Florida,**

      Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiffs Vegas of Saint Petersburg, Inc. (hereinafter referred to as Vegas or Plaintiff),

Jonathan A. Bell (Bell or Plaintiff), an Individual and Former Employee of Vegas, Jennifer Pine

(Pine or Plaintiff), Brandie Storie (Storie or Plaintiff) and Jessica Puckette (Puckette or Plaintiff),

current or former independent contractors at Vegas, hereby file this cause of action against

Defendant Pinellas County, and remove, pursuant to *28 U.S.C. § 1446 (a) et seq.*, the below-

styled state court matters (Pinellas County Cases CTC-07-10295-COANO, CTC-07-26305-

MOANO, CTC-07-25733-MOANO, CTC-07-25730-MOANO, CTC-07-25731-MOANO, and

CTC-07-06613 CI-015) (copy of complaints and/or docket sheets attached) and in support thereof

state.

## PRELIMINARY STATEMENT

1.     This is an action brought by the above referenced Plaintiffs, an "adult oriented"

"Bikini Bar", its employee an independent contractor dancers. This action seeks injunctive relief

and damages with respect to the constitutionality of Pinellas County Ordinances relating to nudity

1

in an establishment where food or alcohol is served -- Section 26-179 *et seq.*, and Section 43-56 *et seq.*, a zoning ordinance imposing restrictions on the locations that adult businesses can locate, and imposing licensing and regulatory restrictions on all "adult businesses."

2.      Plaintiffs allege that these restrictions lack any methodologically sound or proper legislative basis or predicate, impose an unreasonable and unnecessary limitation on expression and First Amendment protected activities, and fail to provide "adequate alternative avenues of communication." The legislation is confusing, internally inconsistent, and Plaintiffs allege that the restrictions cannot be shown to advance any legitimate governmental interest, as well as being unconstitutionally vague, overbroad, and a prior restraint and "chilling effect" on protected speech, in violation of the First Amendment.

## I. JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C., Sec. 2201 and to Rule 65, Federal Rules of Civil Procedure, and pursuant to 42 U.S.C., Sec. 1983, 42 U.S.C. Sec. 1985, 42 U.S.C., Sec.1988, and to the First, Fifth, and Fourteenth Amendments to the Constitution of the United States and to Article I Section 10 of the Constitution of the United States, and 28 USC Section 1446 pertaining to removing state court actions to federal court. Supplemental State Law claims are brought pursuant to this Court's Supplemental Jurisdiction as provided for in 28 U.S.C., Sec. 1367.

3.      Venue is proper in the Middle District of Florida since the conduct complained of herein occurred within Pinellas County, Florida which, is within geographical area assigned to the Middle District of Florida, Tampa Division.

4.      This action is brought to determine issues, rights and liabilities of an actual and present controversy between the parties involving the constitutional validity of the Pinellas County Ordinance provisions purportedly imposing the above described restrictions, specifically banning nudity, partial nudity, and any form of related expressive contact at alcoholic beverage facilities throughout the County, limiting the location of such establishments so as to make it

2

difficult to open a bar with an adult use license, arresting independent contractors and employees for engaging in activities allegedly in violation of the ordinances, and placing a host of unreasonable restrictions upon all such restaurants, bars and adult businesses alike.

5.      There are substantial bona fide doubts, disputes and questions that must be resolved concerning whether the subject provisions of the Pinellas County legislation at issue violate the rights of Plaintiffs under the First and Fifth Amendments, as applied to the states through the Fourteenth Amendment to the United States Constitution, and Article I, Section 10 of the Constitution.

6.      Plaintiffs seek to obtain a permanent injunction to enjoin Defendant County from enforcing any and all provisions of the challenged legislation because such enforcement eliminates, prevents, chills and/or discourages, and, ultimately, totally restrains Plaintiffs from providing Constitutionally protected performances.

7.      Plaintiffs further seek a declaratory judgment specifically finding the subject provisions of the challenged legislation to be unconstitutional because said provisions deny Plaintiffs their Federal Constitutional rights to free speech and expression, due process, equal protection, and adequate procedural safeguards.

## II. PARTIES

8.      Plaintiff, Vegas of Saint Petersburg, Inc., Inc., a Florida Corporation, dba "Vegas Showgirls", is a "Bikini Bar," located at 10570 Gandy Blvd., Unincorporated Pinellas County, Florida, and is a fully licensed place of public assembly.  Vegas does not have an adult use license.  However, Vegas's landlord has such a license for an adjacent business.  Plaintiffs Bell, Pine, Puckett and Storie are residents of this judicial district.

9.      At all times material hereto, Defendant, PINELLAS COUNTY (hereinafter the "County" or Defendant) was and is a political subdivision of the State of Florida an incorporated municipality of the State of Florida, duly governed and limited by the Constitution of the State of Florida, and whose authority to enact and enforce zoning and licensing laws is governed by

3

Chapter 125, and other provisions of the Florida Statutes.

### III.    GENERAL ALLEGATIONS

### A. PLAINTIFF' STATEMENT OF POSITION

10.    Plaintiff Vegas seeks to own and/or operate a place of public assembly that engages in the presentation of First Amendment protected dance performances which focus on a healthy interest in the expressive and social aspects of human sexuality. The performances involved in Plaintiff' business are non-obscene.

11.    Plaintiff seeks to peaceably continue running Vegas Showgirls without constant harassment by the Pinellas County sheriffs, resulting in arrests, criminal cases against Plaintiff employees and Plaintiff independent contractor entertainers, and having these people's faces plastered all over newspapers and on news-oriented Internet web sites.

12.    The location of the Plaintiff Vegas' business is in an area of generic commercial use, fronted by a widely traveled roadway, a licensed adult bookstore, and a greyhound race track containing a licensed poker room for gambling.  No residences are located within at least ½ mile of Vegas.

13.    Plaintiff Vegas' business location has been the subject of significant investment and development monies for the specific purpose of being a facility that offers "entertainment," as a previously non-adult "Bikini Bar."

14.    The operation of the Plaintiff's business does not cause any disproportionate secondary effects within the County.

15.    The operation of the business does not cause any decrease in property values, any increase in criminal activity, the acceleration of urban blight, or any detrimental impact on the citizens of Pinellas County.

16.    Plaintiffs' business is in compliance with relevant governmental building codes and is fully safe for public occupancy as a place of public assembly, and possesses all necessary

4

licenses and entitlements to conduct business.

17.    The Plaintiffs' business success is predicated on anticipated public appeal in the expressive dance performances that are provided by the business.

18.    The Plaintiffs believe that the presentation of expressive dance performances to the public is a beneficial social activity which allows adults to enjoy the socially enriching, expressive, and pleasurable aspects of human sexuality.

19.    The Plaintiffs wish to communicate the above beliefs through the presentation of the dance performances. The Plaintiffs do not intend the performances they make available to the public to be, nor are the performances, obscene.

20.    As a direct and proximate result of the County's unconstitutional legislation, the Plaintiffs are thwarted and restrained from presenting their desired form of expressive dance performances, arbitrarily prevented by the County's legislation, imposing clear restrictions upon Plaintiffs' constitutional rights, under color of state law.

## B. DESCRIPTION OF THE PERTINENT PROVISIONS OF THE COUNTY'S CHALLENGED LEGISLATION: PINELLAS COUNTY ORDINANCES, Sections 26-179 et. Seq. and 43-56 et seq.

21.    The County has had a framework of local regulation of adult entertainment businesses for well over 20 years. This framework has included zoning, licensing and regulatory legislation that has been successfully challenged and invalidated on several prior occasions.

22.    Prior to the adoption of Ordinances 26-79 et seq. and 43-56 et seq., the County's locational restrictions were contained in the Land Development Code and other areas of the County Code containing various regulatory restrictions pertaining to adult businesses. These regulations were not challenged for several years, presumably because the County had only a handful of adult business that were properly zoned and licensed, and that operated virtually problem-free for many years.

5

23. Ordinance 26-179 prohibits nudity in any establishment serving food or alcohol, as follows:

### PINELLAS COUNTY CODE

Sec. 26-179

Commercial exploitation of nudity is adverse to the public health, peace, morals and good order, and that it is in the best interest of the public health, safety and convenience to restrict such nudity, and the commercial promotion and exploitation thereof, as set forth in this article.

Sec. 26-180. Purpose.

The purpose of this article is to proscribe conduct and activities which encourage competitive commercial exploitation of nudity, where such conduct and activity is not related to any live act, demonstration, exhibition, performance, or entertainment which may be protected by the United States and state constitutional provisions guaranteeing freedom of expression.

Sec. 26-181. Conduct prohibited.

(a) It shall be unlawful for any person maintaining, owning or operating a business as defined in this article to suffer, permit, require or otherwise direct any person, while serving food, drink or alcoholic beverages to any customer, or while seating or directing customers to seats within any business as defined in this article, to expose such person's genitals, pubic hair, pubic hair region, or buttocks or any portion of the female breast below the top of the areola, where the areola and nipple are not covered by a fully opaque covering.

(b) It shall be unlawful for any person while serving food, drink or alcoholic beverages, or while seating or directing customers to seats within any business as defined in this article, to expose such person's genitals, pubic hair, pubic hair region, or buttocks or any portion of the female breast below the top of the areola, where the areola and nipple are not covered by a fully opaque covering.

(c) It shall be unlawful for any person maintaining, owning, or operating a business as de-fined in this article to suffer, permit, require or otherwise direct any other person, while such person is mingling, coming in contact with, or likely to come in contact with, or in close proximity to, customers of such business, within areas

where food, drink or alcoholic beverages are served, to expose such person's genitals, pubic hair,

6

pubic hair region, or buttocks or any portion of the female breast below the top of the areola, where the areola and nipple are not covered by a fully opaque covering.

(d)      It shall be unlawful for any person while mingling, coming in contact with, or likely to come in contact with, or in close proximity to, customers of such business within areas where food, drink or alcoholic beverages are served to expose such person's genitals, pubic hair, pubic hair region, or buttocks or any portion of the female breast below the top of the areola, where the areolá and nipple are not covered by a fully opaque covering.

(e)      It shall be unlawful for any person who is a customer in a business as defined in this article, wherein food, drink or alcoholic beverages are served, to touch or come in contact with the genitals, pubic hair, pubic hair region, buttocks, or any portion of the female breast below the top of the areola of any person who is an employee, agent or servant of any person who maintains, owns or operates a business as defined in this article.

24.      Pinellas County Ordinance Section 43-56 et seq. contains a number of defamatory clauses impugning adult entertainment businesses as a blight on society, alleging they need special supervision, and lists the legislative authority upon which the ordinance was purportedly adopted.

25.      Ordinance 43-56 et seq. limits the location of adult businesses, and also imposes extensive additional location restrictions for sexually oriented businesses, where such businesses are required to be 400 feet from any area zoned for residential use, from any church, child care facility, or public recreation area, nor within 400 feet from any public or private school. Further, any adult business must be at least 400 feet from any other adult business, which directly contradicts the widely-recognized concept of a creating and/or maintaining a "red light" or adult entertainment district, thus concentrating adult businesses in one or more locations, rather than dispersing them throughout the County.

26.      Plaintiffs were cited and are being prosecuted for violations of the adult use

7

ordinances. Plaintiff Vegas was also encouraged by Pinellas County to apply for an adult use license. However, Plaintiff Vegas' landlord currently holds an adult use license for a bookstore on the Plaintiff's property, and Plaintiff Vegas knows that it would not be able to successfully apply for an adult use license without a variance, given that their landlord already has a license, and landlord's bookstore is within 400 feet of Plaintiff Vegas' business. This is despite the fact that Vegas is nowhere near any residence, in fact, it is sandwiched between an adult bookstore, a greyhound racetrack, and a poker room at the racetrack where gambling is now legalized.

27.    Pinellas County is the most densely populated county in Florida, in terms of persons per square mile, and it is next to impossible to find a suitable existing location where Plaintiff could successfully apply for an adult use license, or could reasonably afford to relocate their business.

28.    Plaintiff has tried but failed to find a suitable alternative location where an adult use license could be applied for.

29.    The legislation enacted gives a method of measurement (property line to property line) and then goes through a lengthy recitation of the "Rationale and Findings" of the ordinance. This section includes reference to many out of date judicial decisions and many so-called "studies" found flawed in later judicial decisions, the gist being that the adult businesses cause greater "adverse secondary effects" than other business. Plaintiff unequivocally disagrees with this accusation.

30.    As it pertains to the challenges to Ordinance 26-179 et seq., and 43-56 et seq., the definitions therein are internally inconsistent, and none of the predicate materials, case law, or any so-called "study" utilized the definitions or distinctions included in 26-179 or 43-56, thus rendering the predicate materials totally invalid and inapplicable.

31.    Section 43-56 et seq. requires business owners to have a license, and extends such requirements to all others who may "operate" or be an "employee" of any such business to also have a license.

8

32.    The license application processes call for extensive background information, including divulgence of any "specified criminal act" that an applicant may have been involved with.

## C. PLAINTIFFS' STATEMENT OF JURISDICTIONAL ALLEGATIONS ESTABLISHING STANDING, RIPENESS AND A RIGHT TO RELIEF

33.    The challenged legislation imposes onerous restrictions which directly impair and chill the First Amendment protected activities manifested by Plaintiffs' business.

34.    Defendant County has sued Plaintiffs for violations of the ordinances, and six cases are pending in Pinellas County, Florida, including one that is set for trial (State of Florida v. Vegas of Saint Petersburg, Inc., 07-0010295 COANO), a second one that specifically seeks injunctive relief in order to restrict or discontinue Plaintiff' business operations (Pinellas County v. Vegas of St. Petersburg, Inc, Case # 07-006613-CI-015), and the following additional cases (Pinellas County Cases CTC-07-26305-MOANO, CTC-07-25733-MOANO, CTC-07-25730-MOANO, CTC-07-25731-MOANO).

35.    Additionally, Plaintiffs have been repeatedly investigated, raided, and harassed by the Defendant, each time without a valid search warrant, resulting in dozens of arrests and prosecutions of Plaintiff employee Bell, Plaintiff independent contractors Pine, Storie and Puckett and others, for violations of the ordinances. All of the prosecutions of employees have been *nolle prosequi* when challenged, and the only conviction obtained via plea was against a former owner of the business, Alex Petro, who no longer is involved in day to day management of the business, is involved in civil litigation against the current owners, and whose personal interests may have been served in that regard by pleading guilty or no contest.

36.    Portions of the ordinances and their enforcement have already been declared as unconstitutional by this court (See *Blue Moon Enterprises Inc. v. Pinellas County*, 97 F.Supp.2d 1134). And yet, the Defendant continues to make arrests of Plaintiffs, and provide their personal

9

information and photos to news organizations, so that said organizations can plaster their faces on Internet Web sites and label them as "criminals". Defendant has waged an aggressive campaign to "demonize" Plaintiffs for operating an ordinary and respectable business that in its three years of operation, has had to call the police far less than the average liquor bar establishment.

37.    At no public hearing held pursuant to the purported adoption of any of the different ordinances making up the challenged legislation, no substantial competent evidence, nor any legitimate or methodologically sound data, evidence, or testimony whatsoever, was introduced by Defendant County to support any of the restrictions at issue herein, as related to the alleged perceived problems sought to be regulated by the challenged legislation.

38.    Plaintiffs have a clear legal right to the use and operation of its business and the presentation of the above described performances without interference by the Defendant, its agents, servants or employees. Such lawful use may be restrained and/or terminated only after Plaintiffs have been afforded due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution. Plaintiff has been denied due process of law by the proposed prior restraint on a First Amendment-protected form of expression imposed by the challenged legislation.

39.    Plaintiffs assert that their position, as set forth in this Complaint, is legally sound and supported by fact and law. The Defendant's actions, however, have created a bona fide controversy between the parties, and Plaintiffs are in doubt as to their rights, privileges and immunities with respect to the challenged legislation. Plaintiffs require, therefore, a declaratory judgment declaring their rights, privileges and immunities. There is a clear, present, actual, substantial and bona fide justifiable controversy between the parties.

40.    Plaintiffs have been prosecuted, and are and will be threatened with additional prosecution for initiating the presentation of expressive dance performances at their current locations for which Plaintiff has suffered and stand to suffer severe criminal penalties. Alternatively, Plaintiff will be required to abandon or to substantially alter the form and content

10

of the First Amendment protected dance performances at their current locations, thus limiting the Plaintiffs' freedom of expression, destroying the business goodwill developed by the Plaintiffs, and causing the Plaintiffs severe financial hardship and damages, in addition to the irreparable harm caused by the deprivation of the First Amendment rights at issue.

41.    Plaintiffs have no adequate remedy at law. No amount of money damages could adequately compensate the Plaintiffs for the irreparable harm described herein.

42.    Plaintiffs and their agents, employees, entertainers, patrons, and the public at large will suffer irreparable injury if injunctive relief is not granted, and Defendant is permitted to enforce the challenged provisions of the challenged legislation against the Plaintiffs. The loss of rights guaranteed by the First Amendment is so serious that, as a matter of law, irreparable injury is presumed and, in such an instance involving the loss of First Amendment rights, damages are both inadequate and unascertainable.

43.    The public interest would best be served by the granting of injunctive relief, and the maintenance of the status quo, and indeed, the public interest is disserved by permitting the enforcement of an invalid ordinance which interferes with the Plaintiffs' and the public's rights under the First Amendment to the United States Constitution.

44.    All conditions precedent to the institution and maintenance of this cause of action have occurred or have been performed, and no administrative remedies or waivers are available to the Plaintiffs that are not themselves futile or rife with procedural infirmities. No application need be submitted, since the flaws alleged herein against the challenged legislation are facially unconstitutional, in addition to being unconstitutional as applied.

45.    The acts, practices and jurisdiction of Defendant as set forth herein, were and are being performed under color of state law and therefore constitute state action within the meaning of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

## COUNT I

46.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the

11

United States Constitution, on its face and as applied, in that it abridges and restrains the Plaintiffs' rights to free expression, in violation of the First Amendment.

## COUNT II

47. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it constitutes a prior restraint on such expression, in violation of the First Amendment.

## COUNT III

48. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it constitutes an impermissible "chilling effect" on constitutionally protected speech and expression, in violation of the First Amendment.

## COUNT IV

49. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it denies equal protection of the law in that the legislation is arbitrary, oppressive and capricious and unreasonably requires the Plaintiffs to submit to controls not imposed on other similarly situated business or properties, both locally as to other places of public assembly, and throughout the State, as to restaurants, clubs and alcoholic beverage facilities lawfully and successfully presenting protected adult oriented performances.

## COUNT V

50. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it acts in a way arbitrary and capricious as applied to the Plaintiffs' business.

## COUNT VI

51. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, as an unlawful exercise of the state's police

12

power in that there is no substantial relationship to the protection of the public health and welfare or any legitimate governmental objective, resulting in the fact that there has been no proper predicate for the basis of the challenged legislation.

## COUNT VII

52.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it uses terms vague and indefinite and fails to properly define all phrases set forth therein, and also fails to set out distinct criteria, thus leaving persons of common intelligence to guess as to their meaning and differ as to its application, including the inconsistent, unintelligible, false and unenforceable definitions of nudity and other "anatomical areas."

## COUNT VIII

53.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it lacks adequate procedural safeguards.

## COUNT IX

54.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it manifests an improper purpose in that the challenged legislation is not content-neutral and is not unrelated to the suppression of free speech.

## COUNT X

55.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it contains restrictions on First Amendment freedoms that are overbroad and far greater than are essential to the furtherance of any alleged government interest.

## COUNT XI

56.    Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the

13

United States Constitution, on its face and as applied, in that it fails to provide sufficient alternative avenues of communication by impermissibly limiting available locations for adult businesses, and imposing possible closure of all previously complying businesses with no appropriate amortization period.

## COUNT XII

57. Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that it grants unbridled discretion to the administrative officials in the enforcement of its provisions.

## COUNT XIII

58 .Defendant's challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, on its face and as applied, in that the adult use regulatory scheme is an unlawful exercise of the State's Police Power and that the County adopted all legislation challenged herein without competent substantial evidence. Any evidence relied upon by the County in enacting the subject legislation was not reasonably related to the perceived ills that the County claimed to address or to any legitimate governmental objective.

## COUNT XIV

**SUPPLEMENTAL STATE LAW COUNT (Pursuant to 28 USC~ Section 1367)**

59. Plaintiffs re-allege and incorporate paragraphs 1 through 58, *supra,* as if fully set out herein.

60. The challenged pieces of legislation of the County, to the extent they individually affect the use of land, to be valid, have to comply with the provisions of Chapter 125, Florida Statutes.

61. The restrictions on nudity, alcohol sales, as well as the imposition of zoning and locational criteria, comprise *"land development regulations"* in that they clearly attempt to regulate the use of land, and/or the location and/or use of buildings and structures.

62. Accordingly, these pieces of legislation were required to be enacted in strict

14

accordance with the requirements of Chapter 125, Florida Statutes.

63.    Plaintiffs allege that the County failed to comply with the requirements of Chapter 125, Florida Statutes.

## ENTITLEMENT TO ATTORNEY'S FEE
## PURSUANT TO 42 U.S.C. SECTION 1988

64.    In its legitimate desire to pursue the rights and privileges guaranteed by the Constitution and laws of the United States, the Plaintiffs have employed the undersigned to bring this action and has agreed to pay a reasonable fee for same, which fees and costs should be awarded to Plaintiff pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

65.    The Plaintiff herein would demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court GRANT the following relief:

a) Declaring the Defendant's challenged legislation, Ordinance 26-179 *et seq.* and Ordinance 43-56 *et seq.* to be violative of the aforementioned federal constitutional and statutory provisions;

b) Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing the challenged legislation, in whole or in part, against Plaintiff, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c) Awarding Plaintiffs any and all attorney's fees and costs as authorized by law;

15

d) Awarding damages and such other and further relief to the Plaintiffs as this Court deems fit, just, and equitable.

Dated: November 26, 2007

Respectfully submitted,

/James F. Lowy/
JAMES F. LOWY, ESQ.
FBN: 0081434
FREDERICK T. LOWE. ESQ.
FBN: 0527505
FLORIDA LAW GROUP, LLC
3907 Henderson Blvd. Suite 200
Tampa, Florida, 33629-5761
(813) 288-9525 Tel.
(813) 282-0384 Fax
Counsel for Plaintiff

16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VEGAS OF SAINT PETERSBURG, INC.,
       **a Florida Corporation,**
JONATHAN BELL,
       **an Individual,**
JENNIFER PINE,                            Case #:
       **An Individual,**
BRANDIE STORIE,
       **An Individual,**
JESSICA PUCKETT,              **JURY TRIAL DEMANDED**
       **An Individual,**
              Plaintiffs,

vs.

PINELLAS COUNTY,
**a Political Subdivision of the State of Florida,**

         Defendant.

                                      /

## <u>VERIFIED COMPLAINT</u>

Plaintiffs Vegas of Saint Petersburg, Inc. (hereinafter referred to as Vegas or Plaintiff),

Jonathan A. Bell (Bell or Plaintiff), an Individual and Former Employee of Vegas, Jennifer Pine

(Pine or Plaintiff), Brandie Storie (Storie or Plaintiff) and Jessica Puckett (Puckett or Plaintiff),

current or former independent contractors at Vegas, hereby file this cause of action against

Defendant Pinellas County, and remove, pursuant to *28 U.S.C. § 1446 (a) et seq.*, the below-

styled state court matters (Pinellas County Cases CTC-07-10295-COANO, CTC-07-26305-

MOANO, CTC-07-25733-MOANO, CTC-07-25730-MOANO, CTC-07-25731-MOANO, and

CTC-07-06613 CI-015) (copy of complaints and/or docket sheets attached) and in support thereof

state.

## PRELIMINARY STATEMENT

1.    This is an action brought by the above referenced Plaintiffs, an "adult oriented"

"Bikini Bar", its employee an independent contractor dancers. This action seeks injunctive relief

and damages with respect to the constitutionality of Pinellas County Ordinances relating to nudity

1

## VERIFICATION

STATE OF FLORIDA            ]
COUNTY OF PINELLAS          ]

BEFORE ME, the undersigned authority, personally appeared _JASON E. BYERS_, who is personally known to me or has produced _____ as identification, and who, being by me first duly sworn, acknowledged that he executed the foregoing **VERIFIED AMENDED COMPLAINT** and that the same is true to the best of his knowledge and belief.

_____ 11-26-07
JASON E. BYERS
FOR VEGAS OF ST. PETERSBURG, INC.

WITNESS my hand and official seal this 26th day of _November_, 2007.

My Commission Expires:

DAVID X. SPIELVOGEL
Notary Public - State of Florida
My Commission Expires May 21, 2009
Commission # DD 418028
Bonded By National Notary Assn.

NOTARY PUBLIC – State of Florida

DAVID X. SPIELVOGEL
Name Legibly Printed

## VERIFICATION

**STATE OF FLORIDA**                ]
**COUNTY OF PINELLAS**              ]

    **BEFORE ME**, the undersigned authority, personally appeared _Jonathan A Bell_ , who is personally known to me, or has produced _FLDL# B400-421-71-004-0_ as identification, and who, being by me first duly sworn, acknowledged that he executed the foregoing **VERIFIED AMENDED COMPLAINT** and that the same is true to the best of his knowledge and belief.

_Jonathan Bell_
JONATHAN A. BELL

    **WITNESS** my hand and official seal this _26th_ day of _November_ , 2007.

My Commission Expires:

_David X. Spielvogel_
NOTARY PUBLIC – State of Florida

_DAVID X. SPIELVOGEL_
Name Legibly Printed

DAVID X. SPIELVOGEL
Notary Public - State of Florida
My Commission Expires May 21, 2009
Commission # DD 418028
Bonded By National Notary Assn.

2.    That this Court enters a temporary and permanent injunction prohibiting Defendant from allowing continued violations of State law as cited in this Complaint.

3.    That this Court enter a temporary and permanent injunction creating such relief as this Court deems appropriate.

4.    That this Court retain jurisdiction over this matter for the purposes of enforcement of its Order.

5.    That this Court waive the requirement that a bond be posted pursuant to Rule 1.610(b), Florida Rules of Civil Procedure.

6.    That this Court award costs of this action, together with further relief, as this Court deems proper.

CARL E. BRODY, JR.
Sr. Assistant County Attorney
315 Court Street
Clearwater, FL 33756
(727) 464-3354
SPN 1865357/FBN 0102229
Attorney for Plaintiff

H:\USERS\Atykb43\WPdocs2\Carl\Vegas Showgirls\Complaint6.doc

9

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL NO. _07 - 6613 CI - 015_
UCN _____

PINELLAS COUNTY, a political subdivision
of the State of Florida,

Plaintiff,

vs.

VEGAS OF ST. PETERSBURG, INC.
d/b/a VEGAS SHOWGIRLS,
located at 10570 Gandy Blvd.,
St. Petersburg, Florida,

Defendant.
_____/

RECEIVED
CIVIL COURT RECORDS

JUL 11 2007

KEN BURKE
CLERK CIRCUIT COURT
PINELLAS COUNTY

## COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION

Plaintiff, PINELLAS COUNTY, a political subdivision of the State of Florida, by and through its undersigned attorney, pursuant to Section 60.05, Florida Statutes (2006), files this its Complaint for Temporary and Permanent Injunction against VEGAS SHOWGIRLS, as it is engaged in business under this fictitious name, for abatement of a public nuisance, and in support thereof states as follows:

1.    This is an action for injunctive relief in which this Court has jurisdiction pursuant to Section 26.012, Florida Statutes (2006).

2.    Plaintiff, PINELLAS COUNTY, is a political subdivision of the State of Florida and through Section 60.05, Florida Statutes (2006), is authorized to sue in the name of the State in order to enjoin a nuisance.

3.    Defendant is operating a business under the fictitious name of "VEGAS SHOWGIRLS", hereinafter referred to as the "BUSINESS".

4.      The BUSINESS is located at 10570 Gandy Blvd., St. Petersburg, Pinellas County, Florida.

5.      Section 60.05(1), Florida Statutes (2006) provides that, "When any nuisance as defined in s. 823.05 exists, the...county attorney...may sue in the name of the state on his or her relation to enjoin the nuisance, the person or persons maintaining it, and the owner or agent of the building or ground on which the nuisance exists."

6.      Section 823.05, Florida Statutes (2006) provides that: "[W]hoever shall maintain...any building...or place which tends to annoy the community or injure the health of the community, or become manifestly injurious to the morals or manners of the people...shall be deemed guilty of maintaining a nuisance."

7.      Beginning in August of 2006, members of the Pinellas County Sheriff's Office, Vice Division, began making spot-checks of the BUSINESS.  The following outcomes resulted from those visits to the BUSINESS:

A.      August 22, 2006, a male law enforcement officer for the Pinellas County Sheriff's Office entered the BUSINESS to conduct an undercover spot-check for illegal activity and observed the following dancers take the stage in the order stated below:

1)      JANICE aka JANICE MARIE ALONSO was wearing a pink dress under a black housecoat.  She removed the pink dress and was observed pulling the housecoat off of her shoulders exposing her breasts as well as her unshaved pubic mound.  ALONSO pled No Contest to CTC0624204MOANO and was ordered to pay a $232.00 fine.

2)      MANDY aka AMANDA LEE DZIADUL was wearing metal frame glasses and a silver colored leopard print dress, was observed to completely remove the dress and undergarments and appeared on stage entirely nude.  DZIADUL sat down in front of the law enforcement officer and spread her legs, fully exposing her anus and vaginal area.  DZIADUL then got onto her knees and grabbed her exposed uncovered breasts and motioned for the officer to place a gratuity between her

2

breasts. DZIADUL pled No Contest to CTC0624206MOANO and was ordered to pay a $150.00 fine.

3)     JOY aka NOEL STAR HARDEE was noted to be wearing a blue sheer dress, brown boots and a blue G-string garment underneath the dress. HARDEE was observed removing all of her clothing and, during various dance moves, exposed her shaved pubic mound, genitalia and anus to public view. HARDEE pled No Contest to CTC0624203MOANO and was ordered to pay a $193.00 fine.

4)     KRISTEN ASHLEY ALFORD was observed to twice pull up the bottom portion of her fishnet top and white bra to expose her bare breasts. ALFORD pled No Contest to CTC0624205MOANO and was ordered to pay a $233.00 fine.

5)     JASMINE aka TENISHA ANN CARTER was observed on stage wearing a beige fishnet top, which she pulled down to her buttocks area, and, through the fishnet clothing, was wearing a multi-colored bikini top and T-back bottoms. During her routine, CARTER removed her bikini top thereby exposing her bare breasts and areolas to public view. CARTER was also observed grabbing her left breast and licking her nipple while facing the patrons. CARTER pled No Contest to CTC0624207MOANO and was ordered to pay a $233.00 fine.

Copies of these police reports are attached as Composite Exhibit "A".

B.     September 26, 2006, a male law enforcement officer for the Pinellas County Sheriff's Office entered the BUSINESS to conduct an undercover spot-check for illegal activity and observed the following dancers take the stage in the order stated below:

1)     ECSTASY aka MARY JANE ZUMWALT was wearing a blue dress which she completely removed exposing her bare breasts and a blue G-string. The officer approached the stage to give ZUMWALT a gratuity and she spread her legs, reached into her crotch and pulled the G-string to the side exposing her shaved pubic mound and vaginal area. ZUMWALT then directed the officer to place the gratuity inside her G-string and then returned to the center of the stage. ZUMWALT pled No Contest to CTC0627984MOANO and was ordered to pay a $233.00 fine.

2)     JOY aka NOEL STAR HARDEE was wearing a light blue sheer dress with a blue G-string on underneath and knee-high boots. HARDEE removed her dress and exposed her uncovered breasts and became totally nude, except for her

3

boots. HARDEE followed the same actions as ZUMWALT and exposed her public mound, anus and vaginal areas. HARDEE pled Guilty to CTC0627985MOANO and was ordered to pay a $300.00 fine.

3)      ESSENCE aka NICOLE RENEE MARION arrived on stage wearing a red and black dress and proceeded to pull up the dress to expose a black G-string and her bare breasts which were not covered by pasties. The officer approached the catwalk to give MARION a gratuity and she assumed an "all four" position, pulled her G-string aside thereby exposing her anus and then directed the officer to place the gratuity under her G-string in the area of her anus. MARION pled Guilty to CTC0627987MOANO and was ordered to pay a $193.00 fine.

Copies of these police reports are attached as Composite Exhibit "B".

C.      April 11, 2007, a male law enforcement officer for the Pinellas County

Sheriff's Office entered the BUSINESS to conduct an undercover spot-check for illegal

activity and observed the following dancers:

1)      EXPEDITA RODRIGUEZ approached an undercover officer and asked him if he wanted to go into the VIP Room. The officer inquired as to how much the VIP Room would cost and RODRIGUEZ stated $240 and that they could do whatever he wanted. The officer stated that that was more money than he had planned on spending and that he might be interested in a private dance. RODRIGUEZ stated that the fee would be $20 per song and the officer agreed. During the dance, RODRIGUEZ fully exposed her breasts and sat backwards on his lap and began sliding back and forth. RODRIGUEZ then stated that for $100 she would put a condom on him and would ride him until he came. The officer made an excuse that he needed to check with a friend to see if he could get the money and did not return to the VIP Room. RODRIGUEZ pled Not Guilty to CTC0709785-MMANO and a Pre-Trial has been set for July 23, 2007.

A copy of this police report is attached as Composite Exhibit "C".

D.      April 13, 2007, a male law enforcement officer for the Pinellas County

Sheriff's Office entered the BUSINESS to conduct an undercover spot-check for illegal

activity and observed the following dancers:

4

1)      AMINA aka KIMBERLY ANNE HARRIS was wearing a green and blue bikini top with matching bottoms. During her dance, HARRIS fully exposed her breasts. They were not covered with pasties. HARRIS also removed her G-string bottoms and exposed her genital region and, when the officer approached her to give her a gratuity, HARRIS lied on her left side and bent her right knee forward exposing her vaginal area. HARRIS pled Not Guilty to CTC0709780COANO and a Pre-Trial has been set for July 19, 2007. The Notice of Pre-Trial was unclaimed and returned to the Clerk's Office.

2)      KIM aka KIMBERLY ANN BEUCHERT was wearing a white bikini top and bottoms and during her dance she took off her top exposing her bare breasts. BEUCHERT pled Not Guilty to CTC0709778COANO and a Pre-Trial has been set for July 19, 2007.

3)      DEJA aka PATRICIA AMALIA METZLER was wearing a red top with a red mini skirt and a G-string underneath. METZLER pulled her top apart and exposed her bare breasts. Additionally, she pulled her mini skirt up and her G-string down thereby exposing her vaginal area. The officer stated to METZLER that he had not had an opportunity to tip her and at that time she pulled the front of her bottoms out to expose her vaginal area at which time the officer placed a dollar in the strap. METZLER then sat on the officer's right knee and stated that she really needed to come, to work off her frustration. METZLER asked the officer if he wanted to go back to the VIP Room and for $250 would "totally please" the officer. METZLER pled Not Guilty to CTC0709782MMANO and a Pre-Trial has been set for July 19, 2007. The Notice of Pre-Trial was unclaimed and returned to the Clerk's Office.

4)      KERRY aka KAREY VALLANCE CETINDAG was wearing a blue bikini top with blue bottoms and, during her routine, she completely disrobed and was entirely nude. CETINDAG pled Not Guilty to CTC0709774COANO and a Pre-Trial has been set for July 19, 2007. The Notice of Pre-Trial was unclaimed and returned to the Clerk's Office.

5)      CARMEN aka JOCELYNN NICOLE DAVILA was wearing a red top with red lace bottoms. DAVOILA pulled her top to one side and partially exposed her uncovered areolas and her bottoms were cut low enough to see her pubic hairs. DAVILA pled Not Guilty to CTC0709776COANO and a Pre-Trial has been set for July 19, 2007. The Notice of Pre-Trial was unclaimed and returned to the Clerk's Office.

6)      ARMANI aka NICOLE LATORIE ROUNDTREE was wearing a white bikini top with matching bottoms and, during her performance, she removed her outfit and was completely nude on stage. ROUNDTREE pled Not Guilty to CTC0709775COANO and a Pre-Trial has been set for July 19, 2007.

7)    DAKOTA aka CINDY LEE SHACKETT was wearing a white bikini top and a white mini skirt with blue bottoms beneath the skirt. SHACKETT removed her top exposing her bare breasts, removed her bottoms and was totally nude on stage. SHACKETT pled Not Guilty to CTC0709786COANO and a Pre-Trial has been set for July 19, 2007.

8)    VANESSA aka RENAYE LASHAWN HICKS was wearing a short cut blue dress and during her routine removed it exposing her bare breasts and blue t-back underwear. She then removed her underwear and was totally naked on stage. HICKS pled Not Guilty to CTC0709781COANO and a Pre-Trial has been set for July 19, 2007.

9)    LACY aka CORINNA D. SHAFFER was wearing a pink and white bikini top with matching bikini bottoms. SHAFFER removed her clothing and was naked. She then sat on the stage and parted her legs to fully expose her genitalia to public view. SHAFFER pled Not Guilty to CTC0709779COANO and a Pre-Trial has been set for July 19, 2007.

(10)    MANDY aka AMANDA LEE DZIADUL arrived on stage wearing black rim glasses, a black lace bustier and black T-back bottoms. DZIADUL removed both her top and bottoms and was completely nude on stage. The officer approached her to offer a gratuity. She sat down facing him and exposed her vaginal region and bare breasts. DZIADUL pled Not Guilty to CTC0709787COANO and changed her plea to Nolo Contendere and was ordered to pay a fine of $300.00 which was paid on June 28, 2007.

Copies of the police reports are attached as Composite Exhibit "D".

E.    May 23, 2007, a male law enforcement officer for the Pinellas County Sheriff's Office entered the BUSINESS to conduct an undercover spot-check for illegal activity and observed the following dancers:

(1)    ISABELLE aka COURTNEY LEEANN SCOTT who had long red hair was wearing a black bikini top and black T-back panties and immediately took off her top exposing her bare breasts to the patrons. An officer approached her to give her a gratuity and SCOTT sat on the stage and, with her legs spread apart facing the officer, pulled her panties to the side fully exposing her vagina. Charges against SCOTT are pending.

6

(2)     MARIE aka ANGELA MARIE MARTINEZ was wearing a black dress with a white bikini top and black T-back panties. MARTINEZ removed all of her clothing completely exposing her breasts and vaginal area. Charges against MARTINEZ are pending.

(3)     SUNSHINE aka BRANDY LASHAWN BING was wearing a white and pink checkered bikini top and white shorts. BING removed her clothing which fully exposed her bare breasts and vaginal area. The officer approached the stage to give her a gratuity and BING sat down on the stage and spread her legs facing to officer. Charges against BING are pending.

(4)     NINA aka ISHTAR BERNADETTE GEARY was wearing a purple and white color bikini top with a matching dress with black T-back panties underneath. GEARY removed her dress and panties fully exposing her bare breasts and vaginal area. The officer approached the stage to give her a gratuity and GEARY sat down on the stage and spread her legs facing to officer. Charges against GEARY are pending.

(5)     LACY aka CORINNA D SHAFFER was wearing a green and black multi-colored bikini top and matching bottoms. SHAFFER removed her top and exposed her bare breasts. The officer approached the stage to give her a gratuity and SHAFFER sat down on the stage and spread her legs and, while facing the officer, pulled her bikini bottoms to the side exposing her vagina. Charges against SHAFFER are pending.

(6)     SUMMER RENEE WOLF was wearing a black dress and black T-back panties. WOLF had a tattoo on her left bicep. During her routine, WOLF pulled down the front of her dress fully exposing her bare breasts to the patrons. The officer approached the stage to give her a gratuity and SUMMER knelt in front of him with her breasts fully exposed and accepted the gratuity. Charges against WOLF are pending.

Copies of the police reports are attached as Composite Exhibit "E".

F.     May 23, 2007, a male code enforcement officer for the Pinellas County Department of Justice and Consumer Protection entered the BUSINESS and cited VEGAS OF SAINT PETERSBURG, INC., with Operating an Establishment conducting adult use without first obtaining a valid adult use license as required by Pinellas County Ordinances 42-76, 42-77 and 42-137, which case is currently pending with a case number of CTC07-15027COANO.

7



Pinellas County
FLORIDA

| General | Court | Official Records | Property | Other Records | eBusiness | |

**Consolidated Justice Information System**
9/11 8
Pinellas County, Florida
Civil/Small Claims - Docket Viewing - Fct D

| Uniform Case | Pinellas Case | Section | Case Type | Type |
|---|---|---|---|---|
| 522007CA006631XXCICI | 07006631CI | 015 | INJUNCTION | CI |
| Style: | PINELLAS COUNTY | | | |
| vs. | VEGAS OF ST PETERSBURG INC | | | |

| Jury Trial | STIP | NOTH | Reason | Type Disp. |
|---|---|---|---|---|
| | | Y | | |

| Filling Date | Appeal Date | Judg. Date | Reop Date | Docket Date |
|---|---|---|---|---|
| 07/11/07 | | | | |

| Case/Cat |
|---|
| INJUNCTION |

**9 Docket Entries, 10/23/07 to 07/11/07    New Search**

| Pages | Date | P/D | Docket Entry | Ver |
|---|---|---|---|---|
| | 10/23/07 | PLAINTIFF | COPY ORDER ON NOTICE OF REMOVAL | F |
| | 10/23/07 | PLAINTIFF | NOTICE OF HEARING 120407 3:00 | F |
| | 08/03/07 | DEFENDANT | MOTION FOR EXTENSION/ENLARGEMENT OF TIME | F |
| | 07/24/07 | CLERK | SUMMONS RETD SERVED VEGAS OF ST PETERSBURG INC 071407 | F |
| | 07/11/07 | PLAINTIFF | CIRCUIT CIVIL FILING FEE PAID $255.00 | N |
| | 07/11/07 | PLAINTIFF | SUMMONS ISSUED TO ATTORNEY OFFICE (1) | N |
| | 07/11/07 | PLAINTIFF | CIVIL COVER SHEET | F |
| | 07/11/07 | PLAINTIFF | COMPLAINT | F |
| | 07/11/07 | PLAINTIFF | THIS CASE ASSIGNED BY CLERK TO SECTION 015 BY 0455 - RANDOM CI | N |

New Search

NOTH  Notice of Hearing
STIP   Stipulation
Ver    Verified. F=Filed. N=Not Filed/Notice. There is no
       case file document associated with a notice.

*CHARGING DOCUMENT SAMPLE.
HAVE NOT RECEIVED 9/2007 ARREST DOCS*

®

*Notice 5/21/07*

**COMPLAINT/ARREST AFFIDAVIT - CIRCUIT/COUNTY COURT - PINELLAS COUNTY, FLORIDA**   DOCKET #

OBTS NUMBER

SPN # 01184/11/00   SSN # 264533678 yet

Felony ☐  Misdemeanor ☐  Ordinance ☒  Non-Criminal ☐  Warrant ☐  Traffic ☐

Cr LOW PROHIBITED ACTIVITY/ALCOHOL EST   Report No. 07-101146   Court Case No. 07-10299 COALD

| Defendant's Name (Last, First, Middle) | DOB | Sex | Race | Ht. | Wt. | Hair | Eyes | Skin |
|---|---|---|---|---|---|---|---|---|
| BELL, JONATHAN, ALLEN | 010471 | M | B | 602 | 260 | BLK | BRN | MED |

Alias   Driver's License No. B400-421-71-004-0   State FL   Scars, Tattoos, Unique Physical Features FOREHEAD

Local Address (Street, City, State)   Zip Code   Telephone   Place of Birth FL   Citizenship US

Permanent Address (Street, City, State) 6328 BONNIE BAY CIRCLE, Pinellas Park 3378   Zip Code   Telephone 547-2611   Employed by/School VEGAS/MANAGER

Weapon Seized Yes ☐ No ☒   Type   Indication of Drug Influence ☐ Y ☒ N ☐ UNK   Indication of Mental Health Issues ☐ Y ☒ N ☐ UNK   Indication of Alcohol Influence ☐ Y ☒ N ☐ UNK

| Co-Defendant's Name (Last, First, Middle) | DOB | Sex | Race | In Custody Yes ☐ No ☐  Felony ☐ Misd. ☐ |
|---|---|---|---|---|
| Co-Defendant's Name (Last, First, Middle) | DOB | Sex | Race | In Custody Yes ☐ No ☐  Felony ☐ Misd. ☐ |

The undersigned swears that he has reasonable grounds to believe that the above named defendant on the 13 day of APRIL, 2007, at approximately 5:15 a.m. p.m., at 1857 GANDY BLVD (VEGAS SHOWGIRLS), in Pinellas County did:

suffer or permit a person, while within the premises of an establishment deal-
ing in alcoholic beverages, to expose to public view such person's cleavage or
the nates of the human buttocks or other specified anatomical areas as defined
by Pinellas County Ordinance.

Other traffic citations ___   Contrary to Florida Statute/Ordinance 6-2(1)(c)

ARREST DATE 041307   Time 5:15 a.m. p.m.   Aggravating/Mitigating Factors ___

Booking Officer   Amount of Bond   Bond Out Date   Time   a.m. p.m.

Victim Notified of Advisory Y N   Injuries to Victim Y N   Medical-Treatment to Victim Y N

Child abuse/neglect referral made to DCF   Y N

Pursuant to F.S. 92.525 and under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Declarant DET. P.M. M3035 P-50
Printed Name P. MONAHAN   Agency 913836   SPN

**REQUEST FOR INVESTIGATIVE COSTS, F.S. 938.27(1)**

| DATE | OFFICER | HOURS | X | PAY RATE | OR | COST |
|---|---|---|---|---|---|---|
| | | | | | | |

RECEIVED (8)

OTHER - Describe ___   APR 20 2007
Continuation sheet   STATE ATTORNEY'S OFFICE SIXTH JUDICIAL CIRCUIT

TOTAL $ ___

**NOTICE TO APPEAR ONLY**

☐ **MISDEMEANOR** - You **MUST** appear at the Criminal Justice Center, Courtroom 15, Third Floor, 14250 49th Street North, Clearwater, Florida, on the ___ day of ___, at ___ a.m. p.m.

☒ **ORDINANCE VIOLATION** - You **MUST** comply with **EITHER A or B**:
A. Comply with the Waiver Information on the reverse side of this form and pay a fine in the amount of $ 200.00 for a Category I offense within twenty (20) calendar days of this Notice.
B. Appear at the Criminal Justice Center, 14250 49th Street, Courtroom 15, Third Floor, Clearwater, Florida, on the 4 day of MAY 2007, at 8:30 a.m. p.m.

☐ **NON-CRIMINAL VIOLATION** - You **MUST** pay a fine in the amount of $ ___ within ten (10) calendar days, or comply with the non-criminal violation information on the bottom of the reverse side of this form.

I/ E TO APPEAR AT THE TIME AND PLACE DESIGNATED ABOVE TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SI D I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, OR PAY THE FINE REQUIRED BY THE DATES SET OUT ON THIS FORM, THAT I MAY BE HELD IN CONTEMPT OF COURT AND THAT A WARRANT FOR MY ARREST WILL BE ISSUED. I HEREBY CERTIFY BY MY SIGNATURE THE BELOW LISTED ADDRESS IS MY CORRECT ADDRESS.

X Bell   X 6328 BONNIE BAY X   4-13-07
Defendant's Signature   (Street, City, State, Zip Code)   Date of Receipt of Notice

Copies to:   White - Court   Green - Jail   Goldenrod - Defendant
   Blue- State Attorney   Pink - Police Dept.   COCR59 (A,b,c,d)  8/30/02

COCR59 (Revised 8/02)



| Pinellas County FLORIDA | General | Court | Official Records | Property | Other Records | eBusiness |



**Consolidated Justice Information System**
0 0 0 8                                    Pinellas County, Florida
**Adult Criminal - Case Progress Docket - Fct K**

| Pinellas Case | Uniform Case | Entitlement | Date Filed |
|---|---|---|---|
| CTC0726305MOANO | 522007MO026305XXXXNO | STATE VS BELL,JONA | 09/24/07 |
| Type | Apr | Cal | Final Disposition | Comp | Division |
| | | | | | P |

### OUTSTANDING WARRANT DEFENDANT A

| Name | COC |
|---|---|
| BELL,JONATHAN ALLEN | DEFENDANT A |

**10 docket entries**    Next Page ⅜    New Search ⅜

| Date | Docket Entry Text | Defendant |
|---|---|---|
| 11/20/07 | CASH BOND | A |
| 11/20/07 | DEFT'S. MOTION: TO SET ASIDE CAPIAS & REINSTATE | A |
| 11/09/07 | ELECTRONIC WARRANT TRANSFER TO SHERIFF | A |
| 11/08/07 | DEFT FAILED TO APPEAR FOR PTL | A |
| 11/08/07 | ORDER TO ISSUE CAPIAS BOND SET $ 513.00/FTA | A |
| 10/26/07 | NOTICE OF PRE-TRIAL - 110807 COURTROOM: P AT 09:30 | A |
| 10/25/07 | PRE-TRIAL HRG SET: 110807/0930 AM -P- | A |
| 10/25/07 | ARRAIGNMENT & PLEA: NOT GUILTY | A |
| 09/26/07 | ORDINANCE FILING FEE PAID - $10.00 | P |
| 09/26/07 | NOTICE OF ARRAIGNMENT - 102507 COURTROOM: P AT 08:30 | A |

Next Page ⅜    New Search ⅜

Apr    Appearance Date
COC   Connection Code (Connection to Case)
Comp  Date Case Closed



| Pinellas County | FLORIDA | General | Court | Official Records | Property | Other Records | eBusiness |



### Consolidated Justice Information System
Pinellas County, Florida
### Adult Criminal - Case Progress Docket - Fct K

| Pinellas Case | Uniform Case | Entitlement | Date Filed |
|---|---|---|---|
| CTC0725733MOANO | 522007MO025733XXXXNO | STATE VS PINE,JENN | 09/20/07 |

| Type | Apr | Cal | Final Disposition | Comp | Division |
|---|---|---|---|---|---|
| | 12/06/07 | ARN | | | P |

| Name | COC |
|---|---|
| PINE,JENNIFER MARIE | DEFENDANT A |

**9 docket entries** New Search

| Date | Docket Entry Text | Defendant |
|---|---|---|
| 11/20/07 | NOTICE OF ARRAIGNMENT - 120607 COURTROOM: P AT 08:30 | A |
| 11/16/07 | IN ALCOHOLIC BEVERAGE ESTABLISHMENT | A |
| 11/16/07 | INFORMATION FILED: (1CT) EXPOSURE OF FEMALE BREASTS | A |
| 10/25/07 | CHECK RETURNED: NO BALANCE DUE | A |
| 10/25/07 | LETTER FROM CLERK RE: CHECK RETURNED | A |
| 09/20/07 | INVESTIGATIVE COSTS REQUESTED $ 57/SO | A |
| 09/20/07 | BOND AMENDED TO $ ROR UNSUPERVISED | A |
| 09/20/07 | ORDER OF PROBABLE CAUSE FOUND | A |
| 09/20/07 | COMPLAINT AND ADVISORY NUDITY IN ALCOHOL ESTABLISHMENT | A |

New Search

Apr    Appearance Date
COC   Connection Code (Connection to Case)
Comp  Date Case Closed



| Pinellas County FLORIDA | General | Court | Official Records | Property | Other Records | eBusiness | |

**Consolidated Justice Information System**
Pinellas County, Florida
**Adult Criminal - Case Progress Docket - Fct K**

| Pinellas Case | | Uniform Case | Entitlement | | Date Filed |
|---|---|---|---|---|---|
| CTC0725730MOANO | | 522007MO025730XXXXNO | STATE VS PUCKETT,J | | 09/20/07 |
| Type | Apr | Cal | Final Disposition | Comp | Division |
| | 12/06/07 | ARN | | | P |

| Name | COC |
|---|---|
| PUCKETT,JESSICA MARIE | DEFENDANT A |

**7 docket entries** New Search

| Date | Docket Entry Text | Defendant |
|---|---|---|
| 11/20/07 | NOTICE OF ARRAIGNMENT - 120607 COURTROOM: P AT 08:30 | A |
| 11/16/07 | ORDINANCE | A |
| 11/16/07 | INFORMATION FILED: (1CT) VIOLATION OF ADULT USE | A |
| 09/20/07 | INVESTIGATIVE COSTS REQUESTED $ 80/SO | A |
| 09/20/07 | BOND AMENDED TO $ ROR UNSUPERVISED | A |
| 09/20/07 | ORDER OF PROBABLE CAUSE FOUND | A |
| 09/20/07 | COMPLAINT AND ADVISORY NUDITY IN ALCOHOL ESTABLISHMENT | A |

New Search

Apr   Appearance Date
COC   Connection Code (Connection to Case)
Comp  Date Case Closed



**Pinellas County** FLORIDA | General | Court | Official Records | Property | Other Records | eBusiness

### *Consolidated Justice Information System*
Pinellas County, Florida

**Adult Criminal - Case Progress Docket - Fct K**

| Pinellas Case | Uniform Case | Entitlement | Date Filed |
|---|---|---|---|
| CTC0725731MOANO | 522007MC025731XXXXNO | STATE VS STORIE,BR | 09/20/07 |

| Type | Apr | Cal | Final Disposition | Comp | Division |
|---|---|---|---|---|---|
| | 12/06/07 | ARN | | | P |

| Name | COC |
|---|---|
| STORIE,BRANDIE E | DEFENDANT A |

**6 docket entries**     New Search

| Date | Docket Entry Text | Defendant |
|---|---|---|
| 11/20/07 | NOTICE OF ARRAIGNMENT - 120607 COURTROOM: P AT 08:30 | A |
| 11/16/07 | BEVERAGE ESTALBLISHMENT | A |
| 11/16/07 | INFORMATION FILED: (1CT) NUDITY IN AN ALCOHOLIC | A |
| 09/21/07 | CASH BOND POSTED | A |
| 09/20/07 | INVESTIGATIVE COSTS REQUESTED $ 80/SO | A |
| 09/20/07 | COMPLAINT - NUDITY IN ALCOHOL ESTABLISHMENT | A |

New Search

Apr     Appearance Date
COC    Connection Code (Connection to Case)
Comp  Date Case Closed

**tampabay.com**
Know it now.

BACHELOR'S DEGREES
Bachelor of Science in Business/Accounting
Bachelor of Science in Business/Administration
Bachelor of Science in Business/Marketing       MASTER'S DEGREES
Bachelor of Science in Criminal Justice Admin.   Master of Arts in Education
Bachelor of Science in Health Administration     Master of Business Administration
Bachelor of Science in Information Technology    Master of Science in Nursing
RN to Bachelor of Science in Nursing

University of Phoenix
ONLINE                                           Accredited by The Higher Learning Commission

CLICK HERE TO LEARN MORE →

| Home | News | Politics | Sports | Entertainment | Money | Blogs | Life | Weather & Traffic | Shopping/Classifieds | Jobs | Real Estate | Cars | Site Map |

**Search**

● Site     ○ Archives - Free since 1987     ○ Web   GO

**CATEGORIES**

- Airline security
- Bizarre
- Business
- Citrus
- Devil Rays
- Entertainment
- Environment
- Health care
- Hernando
- Hillsborough
- New Tampa
- Obituary
- Offbeat
- Pasco
- Pinellas
- Politics
- Polk County
- State
- The Steele Trial
- Traffic
- Weather

**ARCHIVES**

- November 2007
- October 2007
- September 2007
- August 2007
- July 2007
- June 2007
- May 2007
- April 2007

# This Just In
### Breaking news from around Tampa Bay

« AT&T plans $750-million investment in Florida | Main | Former Buccaneers player captured »

**September 20, 2007**

## Sting lands dancers, manager in jail

ST. PETERSBURG -- Five performers and the manager of an adult entertainment club were arrested Wednesday after an undercover investigation found the facility operating without a license.

Pinellas Sheriff's Vice Unit detectives wrapped up their investigation of Vegas Showgirls, 10570 Gandy Blvd. in unincorporated St. Petersburg on Wednesday. Despite recent similar investigations and arrests at the club, authorities said they continued to receive complaints from citizens.

The following (pictured above, from left) were arrested on charges of nudity in an alcohol establishment:

- Jennifer Pine, 24 of Tampa
- Jessica Puckette, 20, no known address
- Corrina Shaffer, 22, Tampa
- Christine Sizemore, 22, Tampa. Sizemore was also faces charges stemming from an outstanding warrant.
- Brandie Storie, 21, Tampa

Jonathan Bell, 36, the manager, was charged with operating an adult use establishment without a license.

*Casey Cora, Times staff writer*

September 20, 2007 in Hillsborough, Pinellas | Permalink

**ABOUT THIS BLOG**

Traffic, weather and other breaking news reported and compiled by the staff of the St. Petersburg Times and tampabay.com. Check back often for the latest news from around the Tampa Bay area.

St. Petersburg Times

**E-MAIL NEWSLETTERS**

Be the first to know the latest news in the bay area with free e-mail newsletters.
Subscribe now

**SUBSCRIBE TO THIS BLOG**

Subscribe to this blog's feed

MY YAHOO!    newsgator    Add to Google

ADVERTISEMENT

MAKE EVERY SHOW YOUR OWN.

Create your own Gwen Stefani tour book, exclusively from HP. »

WHAT DO YOU HAVE TO SAY?    hp

**MOST POPULAR CATEGORIES**

Airline security  Bizarre  Business  Citrus  Devil Rays  Entertainment  Environment  Health care  Hernando  **Hillsborough**  New Tampa  Obituary  Offbeat  Pasco  **Pinellas**  Politics  Polk County  State  The Steele Trial  Traffic  Weather

**IMPORTANT LINKS**

- Local traffic updates
- Local weather forecast
- Pinellas County 911

© 2006-2007 • All Rights Reserved • St. Petersburg Times
490 First Avenue South • St. Petersburg, FL 33701 • 727-893-8111
Contact The Times | Standard of Accuracy | Terms, Conditions & Copyright



Home

Press Releases

PIO Office:
 (727) 582-6221

Media Tape:
 (727) 582-6495

Fax:
 (727) 582-6459

**Contacts:**

Marianne Pasha:
 mpasha@pcsonet.com

Sgt. Jim Bordner:
 jbordnerjr@pcsonet.com

Cecilia Barreda:
 cbarreda@pcsonet.com

Printer Friendly

**Detectives Cite Manager And Arrest Seven Performers At A St. Petersburg Adult Entertainment Establishment**

**Release Number:**  07-162

**Who:**
Pinellas County Sheriff's Office
Investigative Operations Bureau
- Narcotics Division/Vice Section
Patrol Operations Bureau
- Strategic Tactical Analytical Response Team (STAR Team)

Jonathan Bell (Manager)
DOB: 010471
Address: 6328 Bonnie Bay Circle, Pinellas Park
Charges: Cited for one count of allowing prohibited activity in an alcohol establishment.

*CHARGES DROPPED* (handwritten annotation)

Summer Wolf
DOB: 062178
Address: 3660 East Bay Drive, Apartment# 911, Largo
Charges: Arrested on one count of nudity in an alcohol establishment

Ishtar Geary
DOB: 051785
Address: 6528 Westshore Circle, Tampa
Charges: Arrested on one count of nudity in an alcohol establishment

Corinna Shaffer
DOB: 121184
Address: 8901 North Tampa Street, Tampa
Charges: Arrested on one count of nudity in an alcohol establishment

Brandy Bing
DOB: 013187
Address: 8523 North Semms, Street #B, Tampa
Charges: Arrested on one count of nudity in an alcohol establishment

Angela Martinez
DOB: 070587
Address: 6763 Cavacade Drive, Tampa
Charges: Arrested on one count of nudity in an alcohol establishment

Courtney Scott
DOB: 10/29/1984
Address: 870 Village Lake Terrace, Apartment #104, St. Petersburg
Charges: Arrested on one count of nudity in an alcohol establishment

Leiska Veldestra
DOB: 02/10/1976
Address: 2821 Louann Drive, Medesto, CA
Charges: Arrested on one count each of possession of cocaine, and possession of marijuana

**What:**  Pinellas County Sheriff's detectives have detectives cited the manager and

arrested seven performers at an adult entertainment establishment in St. Petersburg.

**Where:** The arrests were made at Vegas Show Girls located at 10570 Gandy Boulevard in St. Petersburg.

**When:** The arrests were made at about 6:00 p.m. on Wednesday, May 23, 2007.

**How/Why:**
Pinellas County Sheriff's detectives have cited the manager and arrested seven performers at an adult entertainment establishment in St. Petersburg. Six of the performers were arrested for nudity related charges and one was arrested for possessing illegal drugs. The arrests were all made at about 6:00 p.m. on Wednesday, May 23, 2007 at Vegas Show Girls located at 10570 Gandy Boulevard in St. Petersburg.

According to detectives from the Pinellas County Sheriff's Office Vice Section, the arrests were part of an undercover investigation sparked by numerous citizen complaints in the past year alleging illicit activity at the establishment. This is the second time in as many months that detectives have made arrests at this business, and once again they observed on-stage performances that included total nudity.

The manager, 36-year-old Jonathan Bell of Pinellas Park was also cited by detectives for allowing prohibited activity in an alcohol establishment. In addition, during the investigation one of the performers was found to be in possession of illegal drugs, specifically cocaine and marijuana. Further investigation also revealed that Vegas Show Girls does not have an adult use license.

The investigation continues and detectives will continue to conduct spot-checks of this and others adult use business to ensure compliance with local laws.

To view the booking photos of the suspects, click the appropriate link (or copy and paste the link into a browser address bar):

Jonathan Bell (Previous booking photo)
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1219007
Summer Wolf
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249830
Ishtar Geary
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249835
Corinna Shaffer
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249831
Brandy Bing
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249833
Angela Martinez
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249834
Courtney Scott
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249836
Leiska Veldestra
http://www.pcsoweb.com/inmate/SubjectResults.aspx?id=1249837

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VEGAS OF SAINT PETERSBURG, INC.,**
**a Florida corporation, d/b/a "Vegas Showgirls,"**

            **Plaintiff,**

**vs.**                                                    **Case No. 8:07-CV-1760-T-27TBM**

**PINELLAS COUNTY, a Political Subdivision**
**of the State of Florida,**

            **Defendant.**
_____/

## <u>ORDER</u>

**BEFORE THE COURT** is Defendant Pinellas County's ("the County") Motion to Remand

to State Court (Dkt. 6). Because the Notice of Removal filed by Plaintiff Vegas of Saint Petersburg

("Vegas") is facially deficient, this cause is remanded to state court.

On September 27, 2007, Vegas filed a "Notice of Removal" pursuant to 28 U.S.C. 1446(a)(1)

(Dkt. 2) and a Complaint (Dkt. 1). In the instant motion, the County requests remand, claiming that

the removal was untimely and procedurally improper.

Vegas's Notice of Removal is facially deficient. The Notice of Removal refers to two cases:

(1) Pinellas County Case No. 07-15027, which the County describes as a local ordinance violation

case, prosecuted as a misdemeanor; and (2) Pinellas County Case No. 07-6613, which the County

describes as a civil injunction proceeding. (Dkt. 2). The removal is untimely as to both the civil and

criminal cases. Pursuant to the removal statute, removal must occur within thirty days of service of

process or arraignment. 28 U.S.C. § 1446(b), (c)(1).[1] The civil case was served on Defendant on

---

[1]There is no indication that the civil case became removable due to a later filing, which would extend the
time for removal up to one year. 28 U.S.C. § 1446(b).

1

July 14, 2007. (Dkt. 6, Exh. 2). The criminal arraignment date was June 29, 2007. (Dkt. 6, Exh. F). The purported removal on September 27, 2007 was therefore untimely.

The Notice of Removal is procedurally improper, as it does not include "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court actions. 28 U.S.C. § 1446(a); Local Rule 4.02(b).

The Notice of Removal does not include "a short and plain statement of the grounds for removal" that would support the existence of federal jurisdiction over the purportedly removed complaints. 28 U.S.C. § 1446(a). In addition, Vegas provides no authority for the tandem removal of two state court cases in a single federal action.

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

1)    Defendant's Motion to Remand to State Court (Dkt. 6) is **GRANTED** to the extent Vegas purported to remove the state court civil and criminal actions.

2)    The Clerk is directed to remand this case to the Sixth Judicial Circuit in and for Pinellas County, Florida and to close this case.

**DONE AND ORDERED** in chambers this ___18th___ day of October, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

2

)152

County COURT, PINELLAS COUNTY, FLORIDA
Misdemeanor Division

14250 49th ST. North
Clearwater, FL 33762
Phone: (727) 464-7000
11/02/2007

State of Florida VS INC VEGASOFSTPETERSBURG          SPN NO: 02834866
Division: P

UCN (S):                    REF (S):              Charge (s):
522007CO015027XXXXNO        CTC0715027COANO       OPERATION OF ADULT USE W/O ADU

NOTICE OF TRIAL
----------------------------------------------------
***** PLEASE BRING THIS NOTICE WITH YOU *****
*****      APPROPRIATE ATTIRE REQUIRED      *****
----------------------------

The above case(s) is set at 09:30 A.M. on THURSDAY, DECEMBER 6, 2007
Courtroom 15, THIRD  Floor, Criminal Justice Center,
14250 49th Street North, Clearwater, Florida.

All interested parties listed below are notified of said trial date.

You are further notified that attorney's fees and mandatory and discretionary costs may be
imposed against you. If you are requesting appointment of a Public Defender, you must
bring a $40.00 fee to this hearing. If you fail to appear as required by this court
notice, a warrant will be issued for your arrest, and your Release-On-Recognizance (ROR)
will be revoked or your surety or cash bond will be estreated.

COUNTY ATTORNEY:    CARL E BRODY JR

Any motions to be heard in this case should be
scheduled for hearing thru The Office of the
Administrative Judge, Criminal Division,
,County.  If you need a foreign language
interpreter for this hearing, please call
(727)464-7414 or (727)453-7088.  Si usted
necesita un interprete el dia de su cita en la
corte, favor de llamar al (727)464-7414 o
(727)453-7088.  If you are a person with a
disability who needs any accommodation in
order to participate in the proceeding, you
are entitled, at no cost to you, to the
provision of certain assistance.  Within
two(2) working days of your receipt of this
INC VEGASOFSTPETERSBURG        notice, please contact The Human Rights
10570 GANDY BLVD               Office, 400 S. Ft. Harrison Ave., 5th Floor,
ST PETERSBURG    FL 33702      Clearwater, FL 33756. (727)464-4062 (V/TDD)

JAMES F LOWY
STE 200
3907 HENDERSON BLVD
TAMPA          FL 33629        **KEN BURKE**
                              **CLERK OF THE CIRCUIT COURT**

~ 025 V02/092507

Copy 1 ana